United States District Court
Southern District of Texas
**ENTERED**
May 15, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Plaintiff, § VS. § 0.501 ACRES OF LAND, MORE OR § LESS, SITUATED IN HIDALGO § COUNTY, TEXAS; JOHNNY R. HART; § and JENNIFER L. HART, et al. § § Defendants. § | CIVIL ACTION NO. 7:20-cv-00066 |

## ORDER

The Court now considers the "Unopposed Motion of the United States of America for Order of Immediate Possession"[1] and "Defendants' Johnny R. Hart and Jennifer L. Hart's Unopposed Motion for Jury Trial."[2] Because the motions are unopposed, the Court considers them as soon as practicable.[3] After considering the motions, record, and relevant authorities, the Court **GRANTS** both motions.

### I. MOTION FOR IMMEDIATE POSSESSION

This is a land condemnation case under the Declaration of Taking Act[4] concerning Tracts RGV-MCS-2206, RGV-MCS-2207, and RGV-MCS-2207-1 as described in the United States' Schedule C, approximately 0.501 acres of land in Hidalgo County, Texas (the "Subject Property").[5] The United States initiated this case on March 10, 2020, with a complaint in

---

[1] Dkt. No. 10.
[2] Dkt. No. 15.
[3] LR7.2 ("Motions without opposition and their proposed orders must bear in their caption 'unopposed.' They will be considered as soon as it is practicable.").
[4] *See* 40 U.S.C. §§ 3111–18.
[5] *See* Dkt. No. 1-1 at 6–14, 26.

condemnation,[6] declaration of taking,[7] and notice of condemnation concerning the case.[8] The United States seeks to acquire the Subject Property in fee simple interest.[9] "The United States will use this property to construct, install, operate, and maintain roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas."[10] The United States deposited $43,842 and $392,159 for a total of $436,001 in estimated just compensation.[11]

The United States listed five interested parties on its schedule G: Defendants Johnny R. Hart, Jennifer L. Hart, the U.S. Small Business Administration, Ray A. Gonzales as trustee for Falcon International Bank, and Hidalgo County as the taxing authority for the Subject Property.[12] To date, only Defendants Johnny R. Hart and Jennifer L. Hart have answered or appeared.[13] Plaintiff United States represents that it conferred with "attorneys for defendants and the defendants are not opposed to" the motion for immediate possession.[14] In any case, the time for response to the United States' motion has passed and the motion is considered unopposed by all Defendants under this Court's Local Rule.[15]

Accordingly, pursuant to the Declaration of Taking Act[16] and the unopposed motion, the Subject Property vests in the United States in accordance with its Schedule E:

---

[6] Dkt. No. 1.
[7] Dkt. No. 2.
[8] Dkt. No. 3.
[9] *See* 40 U.S.C. §§ 3111–18.
[10] Dkt. No. 10 at 2, ¶ 3.
[11] *See* Dkt. Nos. 6–7, 9.
[12] Dkt. No. 1-1 at 31.
[13] *See* Dkt. No. 12.
[14] Dkt. No. 10 at 5.
[15] LR7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").
[16] 40 U.S.C. § 3114(b)(1) ("On filing the declaration of taking and depositing in the court, to the use of the persons entitled to the compensation, the amount of the estimated compensation stated in the declaration, title to the estate or interest specified in the declaration vests in the Government."); *see Kirby Forest Indus. v. United States*, 467 U.S. 1, 5 (1984) ("Title and right to possession thereupon vest immediately in the United States."); *United States v. Miller*, 317 U.S. 369, 381 (1943).

> The estate taken is fee simple, subject to existing easements for public roads and highways, public utilities, railroads, and pipelines; and subject to all interests in minerals and appurtenant rights for exploration, development, production and removal of said minerals; Reserving to the owners of the lands identified in the following Warranty Deed(s) Document No. 1998-656429, Official Records of Hidalgo County (O.R.H.C.), Document No. 2005-1459757, Official Records of Hidalgo County (O.R.H.C.), and Document No. 1999-820043, Official Records of Hidalgo County (O.R.H.C.); (Hidalgo County Appraisal District Property ID Nos. 1013698, 271342, and 271338), reasonable access to and from the owners' lands lying between the Rio Grande River and the border barrier through opening(s) or gate(s) in the border barrier between the westernmost mark labeled "Beginning" and easternmost mark labeled "Ending" depicted on the map [in Schedule E]; Excepting and excluding all interests in water rights and water distribution and drainage systems, if any, provided that any surface rights arising from such water rights or systems are subordinated to the United States' construction, operation and maintenance of the border barrier.[17]

The Court accordingly **GRANTS** the motion[18] and **ORDERS** that the United States is entitled to immediate possession of the Subject Property consistent with the above description to "construct, install, operate, and maintain roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas."[19]

## II. MOTION FOR JURY TRIAL

Defendants argue that they should be entitled to a jury trial on the issue of just compensation in this case.[20] The United States is unopposed.[21] Under Federal Rule of Civil Procedure 71.1(h)(1), the Court shall grant trial by jury on the issue of compensation "when a party demands one within the time to answer or within any additional time the court sets, unless the court appoints a commission."

---

[17] Dkt. No. 1-1 at 26–27.
[18] Dkt. No. 10.
[19] Dkt. No. 1-1 at 4.
[20] Dkt. No. 15 at 1–2, ¶¶ 3–6.
[21] *Id.* at 3.

Here, Defendants Johnny R. Hart and Jennifer L. Hart timely demanded a jury trial in their answer.[22] A commission shall be appointed only in "exceptional" circumstances,[23] and the Court does not find this case to be one of exceptional circumstances or complexity because it has been presented with no reason to so conclude. Accordingly, the Court **GRANTS** Defendants' motion for a jury trial on the issue of just compensation.

This Court's scheduling order[24] is hereby modified by the following case-specific scheduling order which controls disposition of this action pending further order of the Court. The following actions shall be completed by the dates indicated:

[see scheduling order on following page]

---

[22] Dkt. No. 12 at 1, ¶ 2.
[23] *United States v. 320.0 Acres of Land in Monroe Cty.*, 605 F.2d 762, 827–28 (5th Cir. 1979).
[24] Dkt. No. 14.

| PRETRIAL EVENTS | DEADLINES |
|---|---|
| Deadline to file all documentation adding, substituting, disclaiming, or dismissing interested parties.<br><br>Note: If necessary, the United States shall also file amended condemnation documents or an amended Schedule GG. | July 7, 2020 |
| Deadline for Defendants to designate expert witnesses and provide expert reports in accordance with Federal Rule of Civil Procedure 26(a)(2). | September 4, 2020 |
| Deadline for Plaintiff to designate expert witnesses and provide expert reports in accordance with Federal Rule of Civil Procedure 26(a)(2). | October 5, 2020 |
| Discovery deadline. | November 4, 2020 |
| Pretrial conference and trial scheduling. | January 19, 2021 at 9:00 a.m. |

This Scheduling Order supersedes any earlier Scheduling Order, is binding on all parties, and shall not be modified except by leave of Court upon showing of good cause. All other deadlines not specifically set out in this Scheduling Order will be governed by the Federal Rules of Civil Procedure and this Court's Local Rules.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 14th day of May 2020.

_____
Micaela Alvarez
United States District Judge