UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | CIVIL ACTION NO. 7:20-cv-00066 |
| 0.501 ACRES OF LAND, more or less, in | § | |
| HIDALGO COUNTY, TEXAS; JOHNNY | § | |
| R. HART; JENNIFER L. HART; and U.S. | § | |
| SMALL BUSINESS ADMINISTRATION, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

The Court now considers "Defendants' Unopposed Motion to Disburse Condemnation Proceeds."[1] Because the motion is unopposed, the Court considers it as soon as practicable.[2]

Defendants Johnny R. Hart and Jennifer L. Hart seek immediate disbursement of $519,354—which is the amount hitherto deposited in the Court's registry[3]—plus accrued interest, with $327,998.38 to be paid to Defendant U.S. Small Business Administration and the remainder paid immediately to the Harts.[4]

Upon the application of interested parties, "the court *may* order that any part of the money deposited in the court be paid immediately for or on account of the compensation to be awarded in the proceeding."[5] "[T]he landowner is entitled to petition for the withdrawal of the

---

[1] Dkt. No. 44.
[2] LR7.2 ("Motions without opposition and their proposed orders must bear in their caption 'unopposed.' They will be considered as soon as it is practicable.").
[3] Dkt. Nos. 6, 7, 9, 33.
[4] Dkt. No. 44 at 2, ¶¶ 4–5.
[5] 40 U.S.C. § 3114(c)(2) (emphasis added).

sum due him at any time."[6] Indeed, the Court may not delay payment to interested Defendants upon their application to promote settlement.[7] Nevertheless, "the court has the discretionary power as to how much it will direct to be paid out and as to how deposits are to be distributed among lienors and others"[8] and may accordingly include language in the disbursement order regarding overpayments and deficiencies[9] to protect other interested parties.[10]

All parties to this proceeding have assented to—or expressed their disinterest in—Defendants' proposed distribution of funds.[11] Defendant SBA evidently holds a lien on the Hart Defendants' property in the amount of $327,046.66, with interest accruing at $33.99 per day,[12] which all Defendants propose be paid off in the amount of $327,998.38 to account for the estimated accrued interest on the loan at the time of payment.[13] The Harts and SBA appear to have agreed to settle any small deficiency or overpayment between themselves.[14] The Harts further propose that the remainder of $191,355.62 and accrued interest be paid to their counsel.[15] Plaintiff United States "has no interest in the division of the deposit among various claimants."[16]

---

[6] *United States v. Certain Land in City of Paterson*, 322 F.2d 866, 871 (3d Cir. 1963) (citing *United States v. Miller*, 317 U.S. 369, 381 (1943)).

[7] *In re Keith*, 128 F.2d 908, 911–12 (5th Cir. 1942).

[8] 7 JILL GUSTAFSON ET AL., FEDERAL PROCEDURE, LAWYERS EDITION § 14:173 (Supp. June 2021) (citing *United States v. Certain Lands Located in Town of Highlands*, 82 F. Supp. 363, 364 (S.D.N.Y. 1942)); *accord Gov't of the V.I. v. 1,275 Sq. Ft. of Parcel No. 56A-A*, No. ST-10-CV-526, 2010 V.I. LEXIS 85, at *5–6 (Super. Ct. 2010).

[9] *See United States v. 1003.58 Acres*, No. EDCV 16-1014-VAP (SPx), 2016 U.S. Dist. LEXIS 199509, at *7–14 (C.D. Cal. 2016) (Phillips, C.J.).

[10] *See Certain Land in City of Paterson*, 322 F.2d at 870 n.10.

[11] *See* Dkt. No. 44 at 3, ¶¶ 5–6.

[12] Dkt. No. 44-1 at 1.

[13] Dkt. No. 44 at 2, ¶ 4 & n.1.

[14] *Id.*

[15] *Id.* at 2–3, ¶ 5.

[16] *Id.* at 3, ¶ 6 (citing *United States v. Dunnington*, 146 U.S. 338, 353 (1892) ("We think the United States discharged its entire duty to the owners of this property by the payment of the amount awarded by the commissioners into court, and that, if there were any error in the distribution of the same, it is not chargeable to the government.")).

The Harts lastly propose that the Court enter virtually identical restrictive language governing the disbursed funds requested by the United States in a 2016 Central District of California case.[17]

The Court finds good cause in Defendants' unopposed motion to disburse funds on deposit and in Defendants' proposed distribution and restrictive language. Accordingly, the Court **GRANTS** Defendants' motion.[18] The Court **ORDERS** the Clerk of the Court to immediately disburse funds on deposit in the registry of the Court as follows:

| Check Made Out To | Check Mailed To |
|---|---|
| $327,998.38 payable to the order of United States Small Business Administration | U.S. Small Business Administration P.O. Box 3918 Portland, Oregon 97208-3918 |
| $191,355.62 plus all accrued interest payable to the order of Johnny R. Hart and Jennifer L. Hart | Lance A. Kirby Jones, Galligan, Key and Lozano, L.L.P. 2300 West Pike Boulevard, Suite 300 Weslaco, Texas 78596-4128 |

The Court further **ORDERS** that: (1) Defendants Johnny R. Hart and Jennifer L. Hart are liable to pay and discharge all taxes, assessments, liens and encumbrances against the property on the date of taking; (2) Defendants Johnny R. Hart and Jennifer L. Hart shall hold the United States harmless from the claims of any and all parties having liens or encumbrances and from any other parties who may be entitled to the compensation distributed in this proceeding or any part thereof by virtue of any recorded or unrecorded agreement; and (3) in the event that any other party is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the interests in property taken in this proceeding and that party makes a valid claim for compensation for the taking of the property, then Defendants Johnny R. Hart and Jennifer L. Hart shall be liable for and must return the difference between the amount claimed and the amount disbursed in this order to the registry of the Court together with interest thereon

---

[17] *Compare* Dkt. No. 44 at 4, ¶ 7, *with United States v. 1003.58 Acres*, No. EDCV 16-1014-VAP (SPx), 2016 U.S. Dist. LEXIS 199509, at *8 (C.D. Cal. 2016) (Phillips, C.J.).
[18] Dkt. No. 44.

at the annual rate provided in 40 U.S.C. § 3116 from the date of receipt of compensation to the date of repayment into the registry of the Court until further order of the Court.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 9th day of August 2021.

_____
Micaela Alvarez
United States District Judge

